### STOCKER v BEAN

Ohio Common Pleas, Franklin Co

No 152232. Decided April 25, 1938

Waymon B. McLeskey, Columbus, for plaintiff.

James B. Yaw, Columbus, and Harry Kohn, Columbus, for defendant.

### OPINION

By KING, J.

Heard upon demurrer to third and fourth

defenses to answer and motion to second defense.

Plaintiff files her petition against defendant as executrix of the estate of Frank A. Bean. Plaintiff alleges in her petition in substance that she and Frank Bean were married in 1892 in Natick, Massachusetts, and in 1895 a son was born, Norman T. Bean. That in April, 1904, Addison Bean deserted plaintiff and her son and on October 12, 1906, in the Superior Court of Middlesex, Mass., a divorce was granted plaintiff on the ground of cruel and abusive treatment; custody of the child was granted to plaintiff. That in the divorce decree no alimony or child support was provided. Plaintiff further alleges that Frank A. Bean's whereabouts were unknown to her or her son until after his death on October 23. 1936. Plaintiff further alleges that between April 1, 1904, and August 8th, 1916, when Norman Bean became of age she expended $11,097.00 for his support, maintenance and education, for which sum she prays judgment against the estate of Frank A. Bean.

The defendant as executrix files her answer consisting of four separate defenses. The first after making certain admissions consists of a general denial. The second pleads the statute of limitations of both the states of Ohio and Massachusetts. The third defense sets forth that at no time have plaintiff or her son been residents of Ohio. That the terms of the absolute decree of divorce granted plaintiff have never been altered or modified in any respect. That the court of last resort of Massachusetts has by adjudicated cases determined that where a decree of divorce is granted and the child is awarded to one party and no provision for child support is made, no separate action can be maintained against the other for necessary support furnished the child, but recourse can be had only to the court having original jurisdiction to modify its decree to provide such support. The fourth defense is that plaintiff and Frank A. Bean lived separate and apart from April 1, 1904, to October 12, 1906, because of the misconduct of plaintiff. That the law of Massachusetts is that where a wife and husband live separate and apart by reason of the misconduct of the wife who has control of the child no action for its support can be instituted against the father.

We have carefully considered the argument submitted by respective counsel in their memorandums submitted and analyzed the authorities called to our attention.

We have reached the conclusion that the demurrer to the third and fourth defenses to the answer is not well taken.

The facts conceded by the demurrer disclose that the plaintiff and decedent husband were divorced in 1906 in Middlesex, Massachusetts, at no time did the wife or child reside in Ohio. The petition alleges that the plaintiff was awarded a divorce from her husband; that no provision was made in the decree either for alimony for here or for support for the child but custody of the child was awarded to her.

This decree entered by the court fixed the rights and obligations of the parties. It denied in effect the right of the wife to obtain from the husband and father maintenance for the support of the child, and under the. Massachusetts law pleaded in the third defense, before the plaintiff would be entitled to bring action against the decedent's esate for support money for the child, the former decree must be modified to permit such action. No ▮▮▮▮▮▮▮ modification was made. In our opinion the substantive law of Massachusetts applies to the situation. The third defense of the answer sets forth the judicial decisions of the court of last resort of Massachusetts with reference to the decree under consideration. This judicial pronouncement is as binding upon the parties and courts as any ▮▮▮▮▮▮▮ legislative enactment. In the light of the decisions of the courts of Massachusetts pleaded in the third defense of the answer, to hold that a valid defense is not set forth would be violative of the full faith and credit clause of the Federal constitution. The contention of counsel for plaintiff that the decree of the Massachusetts court in the divorce proceedings is subject to modification and therefore not a final decree within contemplation of the full faith and credit clause is answered by the case of **Armstrong v Armstrong 117 Oh St 558.**

The reasons here advanced are likewise applicable to the fourth defense in that it is there alleged that under the adjudicated cases of Massachusetts courts where a wife is absent or separated from ▮▮▮▮▮▮▮ her husband because of her own misconduct, she cannot recover from her husband for child support during that period. These allegations are admitted by the demurrer to be true.

Coming now to consider the motion of plaintiff to compel defendant to elect which statute of limitation she intends to rely upon. The court has reached the conclu-

sion that no prejudice will result by overruling the motion inasmuch as both statutes are six years. The court at the time of trial if it becomes necessary can compel an election.

For the foregoing reasons the demurrer to the 3rd and 4th defenses are overruled and the motion to the second defense is overruled.